In the Matter of **MATTHEWS MANU-FACTURING COMPANY, Bankrupt.**

No. 1028–58.

United States District Court
D. Massachusetts.

May 11, 1960.

Alfred N. Whiting, Worcester, Mass., for Lundquist Tool & Mfg. Company, Inc., petitioner.

Sumner Silver, Worcester, Mass., for trustee.

FRANCIS J. W. FORD, District Judge.

At an auction sale of the assets of the bankrupt the petitioner here, Lundquist Tool & Mfg. Co., Inc., purchased a safe and later purchased another safe from a third party which had purchased it at the auction sale. Bennie Cotton, Inc. at the same sale purchased two parcels of dies for use in manufacturing skates and ball bearings. The controversy here relates to certain plans and drawings for use in connection with these dies which were in the safes when they were sold and are still in the safes in possession of Lundquist. Lundquist contends that it purchased not only the safes but also their contents. Cotton's position is that its purchase of the dies with name and good will included the purchase of the plans whose use was incidental to the use of the dies.

On petition of the trustees for a turnover order, the referee found that the safes were sold without their contents and that the contents belonged to the trustees and ordered Lundquist to turn the contents over to the trustees. The case now comes before this court on the referee's certificates on Lundquist's petitions for review of the referee's turnover order and his denial of petitioner's motion to dismiss the trustees' petition. Lundquist also moves here to recommit the certificates for further findings by the referee.

■ Petitioner argues that the referee should have granted its motion to dismiss because trustees' petition for a turnover order involved in reality only a dispute between itself and Cotton as to a matter over which the bankruptcy court has no jurisdiction. It is true that Lundquist and Cotton assert conflicting claims to the property here involved. This conflict, however, does not constitute the whole controversy. The trustees are also interested parties. Their position here is that Lundquist by buying the safes acquired no rights to the plans and drawings. If they are correct, they have a right to have the plans and drawings returned to their possession, since they still belong to the trustees, or if Cotton's contentions are correct, they have been sold to Cotton and the trustees have a duty to deliver them to Cotton. The issue raised by trustees' petition is whether Lundquist, in taking over the safes it purchased, also improperly took from the trustees' possession property of the bankrupt which it had not purchased. Such an issue is one relating to the administration of the bankrupt estate which the referee had jurisdiction to decide on a petition by the trustees for a turnover order. Bankruptcy Act § 2, sub. a(7) and (15), 11 U.S.C.A. § 11, sub. a(7) and (15); 2 Collier on Bankruptcy (14th Edition) ¶ 23.02 and ¶ 23.10.

■ On the merits, the real issue, as stated by the referee in his memoran-

dum, was "were these safes, items 456 and 457, sold by the auctioneer without contents or to state it in another way, has the respondent in his possession property (the contents of the two safes) which as between it and the trustees lawfully belongs to the estate." The referee has summarized the conflicting oral testimony of numerous witnesses as to the circumstances under which the safes were sold.[1] There was clearly ample evidence in the testimony of the auctioneer and of certain apparently disinterested witnesses, which, if accepted as credible by the referee, as it apparently was, would support his finding that the sale was of the safes alone and not of the contents. Clearly it cannot be held that the referee's findings were erroneous. 2 Collier, supra, ¶ 39.28; General Order 47. On these findings his conclusion is correct that as between Lundquist and the trustees, the plans and drawings belong to the trustees and the turnover order was properly made.

 Lundquist moves to recommit the certificates to the referee for findings as to whether or not the trustees' petition was in reality brought and controlled by Cotton in the name of the trustees. No request for such findings appears to have been made to the referee. The requested findings have no bearing on the issues involved in this proceeding since the correctness of the referee's decision is in no way affected by the question of whether the moving spirit behind trustees' motion is the trustees themselves, whose interest is directly involved, or Cotton who may be indirectly aided by the result. Lundquist says the findings might affect the result of future proceedings involving Cotton's claim to the plans and drawings. Cotton's claim is not at issue here. Once it has been determined here that Lundquist has acquired no rights in the prop-

erty in question, it would seem to have no standing to involve itself in any possible controversy between Cotton and the trustees. It is not a creditor of the bankrupt estate. Its only possible interest is that if ultimately it is held that Cotton has no right to the plans and drawings, and they are to be sold at auction, it may be a bidder at some future sale. But this gives it no standing to have this proceeding delayed for further findings on matters in no way affecting the issues between it and the trustees.

The motion to recommit is denied, the orders of the referee are confirmed and the petitions for review are dismissed.

---

[1]. The referee heard evidence relating to the sale of the dies to Cotton. He found that this sale was announced by the auctioneer as being "with name and good will." The only relevance of all this to the issues here is that these circumstances tend to corroborate the finding that the safes were sold without contents. The referee properly made no finding as to whether or not Cotton acquired any rights to the plans and drawings.